[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Brooklyn Carpet Exchange, Inc. ("Brooklyn") seeks discharge of a mechanic's lien filed by Union Floors of New England, Inc. ("lienor") as to certain property of Yale University. Brooklyn was a subcontractor on a construction project at the Yale Center for Molecular Medicine and Union was a sub-subcontractor.
When Union filed a mechanic's lien as to the Yale-owned property where it performed its work, Brooklyn substituted a bond CT Page 789 pursuant to 49-37 C.G.S. As principal on the bond, Brooklyn now seeks to discharge the lien pursuant to 49-37 (b) C.G.S.
The lienor undertook to provide labor and material to prepare a floor and install vinyl base and tile at the Yale facility. The lienor began work on September 1990 on the basis of an oral contract that was reduced to a writing dated December 18, 1990. The contract specified an interval for payment of each invoice because the lienor had been experiencing slow payments.
The lienor established probable cause to sustain the validity of the lien, which is dated May 16, 1991. Brooklyn raised no claim that the lien was invalid as to form, and the lienor presented evidence to the effect that on and before February 13, 1991 it had furnished labor and materials in the amount of $14,494.02 (Ex. A) for which it has not been paid.
Brooklyn contends that the reason for nonpayment was defective work. At the time Brooklyn first made this claim, it was receiving ultimatums from the lienor because of continually late payments, and it is by no means clear to the court whether a standoff as to timing of payments or a genuine and well-founded dissatisfaction with the lienor's work was at the root of the refusal to pay.
Pursuant to 49-35b and 49-37 (b)(5) C.G.S., a mechanic's lien or bond in substitution thereof will not be reduced or discharged except upon presentation of clear and convincing evidence. The proof adduced by Brooklyn did not rise to the statutory level of probity but consisted of the uncorroborated charges of a representative of Brooklyn that the work was not performed competently.
The movant has not established to the required level of proof its entitlement to discharge or reduction of the bond substituted for the lien, and its application is therefore denied.
BEVERLY J. HODGSON, JUDGE.